**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1131
_____

DWIGHT DAVIS,
                                                            Appellant

v.

SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY;
DIRECTOR U.S. CITIZENSHIP & IMMIGRATION SERVICES;
DIRECTOR U.S. CITIZENSHIP & IMMIGRATION SERVICES MOUNT
LAUREL FIELD OFFICE

_____

On Appeal from the
United States District Court
for the District of New Jersey
(D.C. Civil No. 1:23-cv-22644)
District Judge: Honorable Christine P. O'Hearn

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 27, 2025

Before: CHAGARES, *Chief Judge*, BOVE and SCIRICA,* *Circuit Judges*.

(Opinion filed: August 14, 2026)

---

* The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

_____

OPINION[**]

_____

BOVE, *Circuit Judge*.

Dwight Davis, a citizen and native of Jamaica, sought a declaration under 8 U.S.C. § 1503(a) that he obtained derivative citizenship based on his mother's status. The district court denied Davis's motion for summary judgment and granted the government's cross-motion. We will affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's grant of summary judgment. *See Parker v. New Jersey Motor Vehicle Comm'n*, 158 F.4th 470, 473 (3d Cir. 2025).[1]

## II.

Davis's derivative citizenship claim relied on statutory language previously located at 8 U.S.C. § 1432. Although § 1432 was repealed in 2000, we apply the law in effect on the dates of Davis's birth, his entry into the United States, his mother's naturalization, and his parents' separation. *See Abdulla v. AG*, 153 F.4th 342, 351 n.8 (3d Cir. 2025). To earn

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

derivative citizenship, Davis was required to prove that (1) his parents legally separated before the 1980 naturalization of his mother, as the alleged custodial parent; (2) his parents legally separated before his eighteenth birthday in September 1988; and (3) his mother had legal custody over him after his parents legally separated. *See* 8 U.S.C. § 1432(a)(3). Davis failed to meet his burden on the first element, as demonstrated by our intervening decision in *Abdulla*, but the government waived this argument. We will affirm based on the district court's analysis with respect to the second element.

**A.**

This Court recently held that an alien seeking derivative citizenship under § 1432(a) must prove that his alien parents legally separated before his custodial parent naturalized. *See Abdulla*, 153 F.4th at 354. *Abdulla* tracked reasoning from our earlier decisions in *Bagot v. Ashcroft*, 398 F.3d 252 (3d Cir. 2005) and *Jordon v. AG*, 424 F.3d 320 (3d Cir. 2005), and rejected contrary BIA interpretations. *See Matter of Douglas*, 26 I. & N. Dec. 197 (B.I.A. 2013); *Matter of Baires-Larios*, 24 I. & N. Dec. 467 (B.I.A. 2008). In supplemental briefing regarding the impact of *Abdulla*, there is no meaningful dispute that Davis's claim fails under this intervening precedential decision. It does. Davis contends, however, that the government waived this argument. The assertion has some force, but we need not address it in light of other deficiencies with the derivative citizenship claim.

**B.**

Davis argues that the district court erred by holding that his parents did not legally separate before he turned 18 for purposes of the second element of his § 1432(a) claim.

3

Specifically, he contends that a December 1991 divorce decree issued in Washington, D.C. established that his parents legally separated in March 1988, before he turned 18 later that year. We are unpersuaded.

The December 1991 divorce decree stated: "Beginning on or about March 21, 1988, and until the present, Plaintiff [mother] and Defendant [father] without interruption and without cohabitation, have lived separate and apart from each other." App. 49. D.C. law at the operative time dictated that a "legal separation" had to be "granted" by a court in an "action," and that the resulting order would take the form of a "decree of legal separation." D.C. Code Ann. §§ 16-904, 16-905 (1977). Under that law, the 1991 divorce decree could not retroactively establish a "legal separation" in 1988. The divorce decree was not a contemporaneous "formal government action" that "alters the marital relationship of the parties" with respect to separation. *Morgan*, 432 F.3d at 234; *see also Leslie v. AG*, 208 F. App'x 108, 113 (3d Cir. 2006) ("If an informal separation sufficed [for purposes of New Jersey law], the statute's express specification that the separation be 'legal' would be rendered superfluous."). The record reflects no such action in 1988, and that reality is unchanged by the 1991 divorce decree.

The Ninth Circuit's decision in *Minasyan v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005) is unavailing to Davis because the state law at issue in that case differed materially. "[U]nder California law," legal separation arose "when the spouses have come to a parting of the ways with no present intention of resuming marital relations." *Id.* at 1078. Unlike in D.C., a court order was not required to establish the separation. The Ninth Circuit relied on that state-law authority to conclude that a dissolution order referencing an earlier

4

separation date was sufficient to establish "a separation by virtue of law" at the earlier time. *Id.* Because California law recognized a legal separation under circumstances where D.C. law did not, *Minasyan* is not inconsistent with our analysis.

*     *     *

Davis did not establish that he was entitled to derivative citizenship. The district court's ruling that he failed to demonstrate that his parents legally separated before he turned 18 is sufficient to sustain the disposition, and we need not address Davis's remaining challenges to the district court's conclusions. Accordingly, we will affirm.